IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SIERRA, | § | |
| #007-222 | § | |
|     Petitioner, | § | |
| | § | No. 3:22-cv-02612-G (BT) |
| v. | § | |
| | § | |
| NFN NLN, et al., | § | |
|     Respondents. | § | |

## **FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Jose Sierra, a pretrial detainee at the Wayne McCollum Detention Center in Waxahachie, Texas, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, the Court should dismiss the petition for failure to exhaust state court remedies.

I.

Sierra is in jail awaiting trial on state charges for injury to a child.[1] Am. Pet. 3 (ECF No. 5). In his pleadings, Sierra argues: (1) a proper investigation was not conducted on the charge against him; (2) there is "no cause" to hold him; (3) his wife has been unable to mourn for their loss; (4) he is being held subject to excessive bail; and (5) he is being held on an ICE hold, but he is married, has a job, and has other children in the United

---

[1] http://findtheinmate.com/gsapdfs/167640907447114.VERIFY.20134.76276147.html (last visited Feb. 14, 2023).

1

States. Am. Pet. 5 (ECF No. 5). As relief, Sierra seeks a lower bond and a leg monitor so that he can attend his trial "in the free." *Id.* at 7.

## II.

Pretrial petitions, like Sierra's, are properly brought under § 2241, which applies to a person in custody, regardless of the present status of the case pending against that person or whether a court has rendered a final judgment. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). But a state pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *See Dickerson v. State of Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987) (addressing a § 2241 filed by a state pretrial detainee). And exhaustion under § 2241 requires that a state pretrial detainee fairly present his claims to the state courts. *Id.* at 228. In Texas, this involves submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals (CCA). *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). An exception may exist where there is an absence of available state corrective measures available or "exceptional circumstances of peculiar urgency" make any such process ineffective to protect the petitioner's rights. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (quoting *Ex Parte Hawk*, 321 U.S. 114, 118 (1944)).

Here, Sierra cannot demonstrate that he exhausted his state court remedies prior to filing his § 2241 petition. He does not mention exhaustion of his claims in state court anywhere in his petition; and an independent

2

review of the Texas CCA's website reveals that Sierra has not presented his claims to the Texas CCA. Consequently, his petition should be dismissed.

III.

For the foregoing reasons, the Court should dismiss Sierra's § 2241 petition without prejudice for failure to exhaust state court remedies.

Signed February 16, 2023.

_____
REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).